## Agnew's Appeal.

37    467
212    60

*Register's Court.—Effect of Decree granting Letters of Administration.*

The decision of a Register's Court, granting letters of administration on proof that the deceased had made a will which he subsequently destroyed, will not operate as a bar to the probate of his real will, afterwards found duly executed and attested.

THIS was an appeal by Mary Agnew, from the decree of the Register's Court of *Allegheny county*, admitting to probate the will of John Chambers, deceased (the father of the appellant).

The material facts of the case are contained in the opinion of this court, which was delivered, January 7th 1861, by

READ, J.—John Chambers died in December 1855, and letters of administration were granted upon his estate to Chesterfield Robb, Esq., by the register of Allegheny county. On the 18th March 1856, a petition was presented to the register, praying that a Register's Court be convened, to inquire as to the contents and validity of the last will and testament of the decedent, which it was averred had been lost or mislaid, and also to revoke the letters of administration. The Register's Court considered that the testimony established these facts: 1st, "That

on the 10th of October 1854, John Chambers executed his will, which was written at his request by Mr. Howard. 2d, That John Chambers himself destroyed this will, and died in December 1855—from which it follows, 3d, John Chambers died intestate," and the court dismissed the petition. The contents of this will do not appear to have been proved, so far as the record shows.

In January 1860, a will of the same date was discovered in the house in which the decedent died, and an application was made to the register for probate, and a Register's Court was convened and testimony adduced, establishing it beyond a doubt as the last will of John Chambers. This was not attempted to be controverted or denied, and the only answer given to it was the former proceeding of the court, and the question was, whether this could operate as a bar to the probate of the real last will of the testator, which he had never destroyed.

It is clear, upon general principles of morality and justice, that the last wishes of the testator embodied in the form prescribed by the law of the land, should be fulfilled. But it is objected that it has been once decided that John Chambers died intestate, and so it is decided by every register, when he grants letters of administration upon the estate of an intestate, but still there is inserted in the condition of the administration bond, "and if it shall hereafter appear that *any* last will and testament was made by the said deceased, and the same shall be proved according to law," the administrator being thereunto required, is obliged to surrender the said letters of administration into the register's office.

Upon the former proceeding no will was produced, and although the allegation was, that it was lost or mislaid, yet it was proved to have been destroyed by the decedent to the satisfaction of the court, and upon this state of facts there was no ground shown for revoking the letters of administration, for no will was proved according to law.

In the present case the will was produced in full life, proved according to law, and admitted to probate, because this instrument had never been submitted to nor seen by the court on the former proceeding, nor was its validity or invalidity passed upon by them. It is clear, then, that John Chambers died testate, and that his last will has been properly admitted to probate by the Register's Court.

Decree affirmed.