of said accounts ascertained and a full accounting had between the parties; that the defendant file, under oath, within thirty days, a full and accurate statement of his accounts of said business transactions, in debtor and creditor form."

The question of defendant's liability to account, etc., as prayed for in the bill was thus definitely settled by this decree, to which both parties consented. An account having been filed by the defendant within the specified time, exceptions thereto were filed, and the matter was so proceeded in that the cause came on for trial before the court below on February 3, 1899. At the trial the burden of sustaining his account was on the defendant. The result was unsatisfactory to him, and he therefore took this appeal.

A careful consideration of the record with special reference to the several assignments of error has not convinced us that any of the specifications should be sustained. The questions involved appear to have been fully considered by the learned president of the court below, and have been so satisfactorily disposed of by him that we deem it unnecessary to add anything to what he has said in support of his rulings. We find nothing in any of the specifications of error that requires either reversal or modification of the decree from which this appeal was taken. Neither of the specifications is sustained.

Decree affirmed and appeal dismissed at appellant's costs.

---

## Estate of James Beatty, Deceased. Appeal of S. S. Taylor, Guardian.

*Wills—Probate—Jurisdiction—Jurisdiction of register of wills—Orphans' court.*

The register's powers cease with the probate of a will, and he has no jurisdiction to entertain a petition for the revocation of the probate, or to set the will aside.

Argued Oct. 17, 1899. Appeal, No. 124, Oct. T., 1899, by S. S. Taylor, guardian et al., from decree of O. C. Beaver Co., June T., 1899, No. 39, setting aside an order of the register opening the probate of a will. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from register of wills.

WILSON, P. J., filed the following opinion:

The will in this case was probated September 6, 1894. The petition of L. L. Wilson and Nettie F. Wilson, by their guardian, S. S. Taylor, was filed on June 22, 1897, with the register of wills for the revocation of the probate of said will. "With the probate of the will the register's power ceased. Under the constitution all questions thereafter touching the probate or validity of the will are to be determined by the orphans' court on appeal from the register's decision where the proper issue may be framed." See Mathew v. Biddell, 8 Pa. Superior Ct. 112. The register in this case upon petition filed, asking for revocation of probate, took testimony and set the will aside. Under the law as interpreted by the Superior Court he had no jurisdiction in the premises. The only course open to the petitioner was by appeal to the orphans' court from the action of the register in probating the will.

Now, January 9, 1899, the proceedings before the register are set aside and the order of the register in opening the probate of said will, in placing the costs on Antoinette Cowen and others, is also set aside.

*Error assigned* was the decree of the court.

*A. P. Marshall*, with him *L. E. Grim*, for appellants.

*George Wilson, Richard S. Holt, John M. Buchanan* and *William A. McConnel*, for appellees, were not heard.

PER CURIAM, October 17, 1899:
Decree affirmed at bar.