## McAndrew's Estate.

*Wills—Probate—Register of wills—Revocation.*

After the register of wills has admitted a will to probate, he has no power to entertain a petition for the revocation of the probate.

*Will—Probate—Evidence—Identity of testatrix.*

A paper signed with a mark and dated three years prior to the death of testatrix will not be admitted to probate where the evidence showed that the paper was prepared by a justice of the peace and executed before him by a woman whom he did not know; that one of the witnesses did not know the woman; that the other who apparently did know her was dead when the paper was offered for probate; that another woman present at the time of the execution, and to whom the paper was given, was also dead; that the paper was discovered in the effects of this woman three years afterwards; that the testatrix although attending the latter's funeral had never made any request or search for the paper; and that the paper offered made as the principal beneficiary of the estate, a person stranger in blood to testatrix, and with whom she had little to do.

Argued April 14, 1903. Appeal, No. 34, Jan. T., 1903, by Michael Moughan, from decree of O. C. Luzerne Co., No. 447, of 1901, refusing to admit to probate a will in estate of Catherine McAndrew, deceased. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Appeal from register of wills.

FREAS, P. J., filed the following opinion:

Catharine McAndrew died October 17, 1901, and her will dated March 29, 1884, was probated October 26, 1901. On January 31, 1902, the petition of Michael Moughan was presented to the register asking that the probate of the aforesaid will be vacated and annulled, and that an alleged will dated May 14, 1898, be probated. Testimony was taken before the register and the case proceeded in, and the register filed an opinion on March 10, 1902, refusing to strike off the decree of probate of the will dated March 29, 1884. An appeal from this decree was taken March 29, 1902, and was submitted to the court upon argument of counsel and the testimony taken before the register. The register's powers ceased with the pro-

bate of the first will, and he had no authority to entertain a petition for revocation: Beatty's Estate, 193 Pa. 304.

But as the case is now before us by consent of all the parties in interest we will proceed to dispose of it as though the appeal had been regularly entered.

The only question before us is whether the paper dated May 14, 1898, is the last will and testament of Catharine McAndrew, late of Pringle Hill, Kingston township, Luzerne county, deceased. At the date of the last will a woman giving her name as Catharine McAndrew, accompanied by Mary Queeney and William J. Lyons, appeared before P. H. Sheridan, an alderman of the city of Pittston, and at the request of the testatrix the alderman drew the paper in question. It was witnessed by Lyons and J. H. McLane, the latter being called in for that purpose and to whom the decedent was unknown. Lyons is dead but his signature was identified. After execution the paper was given by the testatrix to Mary Queeney who died January 20, 1899. After Mary Queeney's death all her few belongings were taken possession of by Bridget Tigue, and among them was a bureau, one drawer of which was filled with bed sheets. For over three years the contents of this drawer were allowed to remain undisturbed, when finally its contents were taken out and examined, the alleged will dropped out and was subsequently offered for probate. Of those present at the signing of the supposed will only Mary Queeney and Lyons knew the testatrix, and both are dead, and there is no one living who can testify to the identity of the testatrix. Although Mary Queeney died eight months after the making of the will and delivery to her for safe-keeping and thirty-three months before Catharine McAndrew died, who attended the funeral of the former, yet there is no testimony showing that the testatrix ever caused any search to be made for the alleged will. It seems natural to suppose that if she had given her friend for safe-keeping so important a document as a will disposing of her entire estate, she would have instituted a search among her dead friend's effects, or made inquiries for its recovery. Had she done so Bridget Tigue, above all persons in the world, would have known it, yet this witness denies any knowledge of the will previous to its accidental discovery three years later. The husband of the testatrix, Thomas McAn-

drew, died December 14, 1901, before the last will was produced.

Many wills are witnessed by persons not acquainted with the maker, and that sometimes when the testator signs by mark as in this case, but the attending circumstances must be such as to preclude possibility, or at least probability of fraud. The subsequent custody of the instrument, the relations of the testator and beneficiaries, truthfulness of the witnesses and inherent probability of the instrument itself are circumstances from which its genuineness must be considered. It taxes our credulity very strongly to believe the testimony offered as to the whereabouts of the alleged will. It does not bear the impress of truth or seem probable under the circumstances. The chief beneficiary claims to be a cousin of testatrix, while her own sister denies it, and states emphatically that they had never known Moughan in Ireland at the time he said he knew them, and that his testimony in many respects is false. The sister should know the facts, and undoubtedly told the truth. The alleged will cuts off the natural heirs of the testatrix with small bequests and leaves nearly all the estate to a stranger to her blood, who seldom visited her, and so far as the testimony shows had done nothing for her. There is no living witness to show that the maker of the will offered was Catharine McAndrew of Pringle Hill, but it is plain from the instrument itself that she is the person intended. Either Catharine McAndrew from Pringle Hill signed the paper offered or it is a forgery. It does not seem possible that any other person could fulfill the conditions. That some one purporting to be this Catharine McAndrew did appear before Alderman Sheridan and signed the paper in question seems true from the testimony, but we are of the opinion from all the circumstances in the case that she was an impostor. To admit a will to probate resting on such testimony as this one would be to invite fraud and forgery in every case where an illiterate person died leaving only collateral heirs.

Assumed kinship, the testimony of a few obliging neighbors as to declarations by testatrix of her intentions, an impostor to make her mark to the will in the presence of possibly honest witnesses to whom the testatrix is unknown, and the production of the will with a more or less plausible explanation of

its disappearance after all are dead who could know the facts, and the trick is done.

The identity of the testator is of prime importance, and that has not been satisfactorily established in this case. The appeal is dismissed.

*Error assigned* was in dismissing the appeal from register of wills.

*T. R. Martin* and *M. N. Donnelly*, for appellant.—It will be considered prima facie evidence to show that a party bearing the same name as the party to the suit did the act with which it is sought to affect such party: Hamsher v. Kline, 57 Pa. 397; McConeghy v. Kirk, 68 Pa. 200.

Identity of name is prima facie evidence of identity of person: Hamsher v. Kline, 57 Pa. 397; Weigel v. Weigel, 5 Watts, 486; Goddell v. Hibbard, 32 Mich. 47; Wharton's Law of Evidence, sec. 1273.

The legal presumption until rebutted is in favor of fairness, and it coincides in this instance with the presumption which the law deduces from the ordinary routine of business in the general course of affairs: Weigel v. Weigel, 5 Watts, 486; Miller's Estate, 3 Rawle, 312.

The presumption is always against fraud, and in favor of innocence, and the burden of proving fraud is upon the party who sets it up: Cummings v. Hurlbutt, 92 Pa. 165; Abbey v. Dewey, 25 Pa. 413; Douglass v. Mitchell, 35 Pa. 440.

*David B. Gildea* and *John T. Lenahan,* for appellee, were not heard.

Per Curiam, May 25, 1903:

The decree is affirmed on the opinion of the court below. Costs to be paid by the appellant.