## Kern's Estate.

| 212 | 57 |
|-----|-----|
| e220 | 481 |

*Register of wills—Letters of administration—Revocation—Wills.*

Where, after letters of administration have been issued, a will is found and offered for probate, the register of wills has the power to revoke the letters of administration, and admit the will to probate: Beatty's Estate, 193 Pa. 304, distinguished.

Argued April 12, 1905. Appeal, No. 88, Jan. T., 1905, by Antonia Kern, from decree of O. C. Luzerne Co., dismissing appeal from Register of Wills in Estate of Leonard Kern, deceased. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Appeal from register of wills. Before FREAS, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Ernest K. Little,* for appellant.—The precise question involved in this appeal has been decided by this court in but one reported case, viz: Agnew's Appeal, 37 Pa. 467. That case held that, where letters of administration have been granted by the register and a will subsequently discovered, the proper practice is to make application to the register for the probate of the will. The register should thereupon revoke the letters of administration inadvertently granted and admit the will to probate. See Bieber's App., 11 Pa. 157 ; Boyd's App., 38 Pa. 246 : McCaffrey's Est., 38 Pa. 331; Schaufuss's Est., 5 Kulp, 275 ; Neal's Est., 17 W. N. C. 191 ; Riegel's App., 17 W. N. C. 279.

No paper-book or appearance for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 8, 1905 :
Leonard Kern died June 23, 1904, leaving to survive him a widow, Antonia Kern, four children and one grandchild. Letters of administration on his estate were granted by the register to his widow July 6, 1904, who gave the bond required

by law.   In December of that year a will of the decedent was
discovered among his papers, which Mrs. Kern, the executrix
named therein, probated before the register.   Subsequently,
on December 16, 1904, she presented her petition to the regis-
ter setting forth that her husband had died testate, that let-
ters of administration on his estate had been inadvertently is-
sued to her, that she had given bond conditioned to surrender
the letters if thereafter it appeared a will had been made, that
the will had been proved before the register and was on file in
his office, and praying for leave to surrender the letters of ad-
ministration that they might be revoked and the will might
be admitted to probate and letters testamentary be issued
thereon.   All the parties interested in the estate of the dece-
dent and the bondsmen of the administratrix joined in the
prayer of the petition.   The register refused the prayer of the
petition, entering the following decree : " Now, December 19,
1904, upon consideration of the facts stated in the within
petition, the register is of opinion that the matter is beyond
his jurisdiction and that the orphans' court only had authority
to revoke the letters granted, and therefore the prayer of the
petitioner is refused."   From this decision Mrs. Kern appealed
to the orphans' court which sustained the action of the register
and dismissed her appeal.   She has now appealed to this
court.

The fifth section of the Act of March 15, 1832, P. L. 135
( 2 Purd. Dig. 1847 ), confers on the register exclusive " ju-
risdiction, within the county for which he shall have been ap-
pointed, of the probate of wills and testaments."   The issuing
of letters testamentary and of administration in this state is
also regulated by the same statute.   The twenty-second sec-
tion of the act ( 1 Purd. Dig. 578 ) provides that "whenever
letters of administration are by law necessary, the register
having jurisdiction shall grant them in such form as the case
shall require."   The twenty-first section of the act ( 1 Purd.
Dig. 577 ) provides that upon granting letters of administra-
tion the register shall take a bond with sufficient sureties from
the party to whom the letters are granted conditioned for the
performance of the several duties of the administrator therein
enumerated, and that " if it shall hereafter appear that any
last will and testament was made by the said deceased, and the

same shall be proved according to law, and if the said A. B. ( the administrator ) being thereunto required, do surrender the said letters of administration into the register's office aforesaid, then this obligation to be void, otherwise to remain in full force."

We have no doubt as to the right of the register, and we are satisfied that it was his duty, under the facts presented here, to permit the probate of the will of the deceased presented to him by Mrs. Kern, and to revoke the letters of administration granted to her. These letters were granted on the assumption that the deceased had died intestate. It is only upon that ground that the register is authorized by the statute to grant such letters. The deceased, however, had the right to dispose of his property by will, and if he did so, there is a statutory obligation resting upon the register when the instrument is presented to him to permit the probate of it, and to issue letters testamentary to the party named as executor. It is not only the duty of the register to probate any will that may be presented to him but, at the instance of any person interested, he is required by section seven of the Act of March 15, 1832, P. L. 135 ( 1 Purd. Dig. 571 ), to "issue a citation to any person having the possession or control of a testamentary writing, alleged to be the last will and testament of a decedent requiring him to produce and deposit the same in his office for probate ;" and if thereafter such person shall conceal or withhold the writing, he is liable to an indictment or to an action for damages by the person aggrieved.

The existence of a valid will and its probate determine conclusively that the letters of administration were improvidently granted and should be revoked. Why, then, should not the register revoke them? It is simply a formal, though a mandatory, act. The parties interested are all heard when the will is probated. When it is presented, the register should not act ex parte but issue a citation to all parties interested in the estate, and they may then be heard as to the validity of the will and the consequent right of the register to issue letters testamentary. If any person is aggrieved by the action of the register he can have his rights determined in the usual way by an appeal. When the validity of the will has been judicially determined by the register without appeal, or by the court on ap-

peal, letters testamentary must be issued to the executor, or if none be named in the will or the person who is named is disqualified, letters of administration with the will annexed must be granted by the register.  This in effect revokes the prior letters of administration, and the register on application should enter the formal decree of revocation.

If the register is powerless to act in the matter after he has granted letters of administration, as held by the court below, we have the administratrix here occupying the anomalous position of being required by her bond to surrender the letters to the register and he having no authority to accept them. Such a construction of the statute regulating the subject is not supported by reason nor precedent.  The condition of the bond is that the letters shall be surrendered into the register's office "if it shall hereafter appear that any last will and testament was made by the deceased, and the same shall be proved according to law."  As we have seen, the statutory jurisdiction of the register to probate wills in this state is exclusive and, therefore, a will can only be " proved according to law " before him.  Hence, if the contention of the learned judge below be correct and the register has no authority to accept the surrender of the letters, the administratrix must, nolens volens, incur the penalty of the bond.  This will hardly appeal to anyone as a reasonable construction of the statutory provision governing the subject; and it did not convince this court in Agnew's Appeal, 37 Pa. 467.  The authority to issue letters of administration and the provision requiring the bond with its condition are parts of the same statute and when construed together, as they must be, clearly authorize the register to revoke letters of administration on the probate of an after-discovered will. The legislative intent manifestly was, as disclosed by the act of assembly, that when a will is found after a supposed intestacy, it shall be probated as provided by the statute, and that thereafter the letters of administration shall be surrendered to the register who issued them and shall be by him revoked.  The learned judge of the orphans' court held that with the granting of letters of administration to Mrs. Kern, the power of the register over the letters ceased and, therefore, he had no authority to revoke them on the subsequent discovery of the will.  In his opinion he says he relies on Beatty's Estate, 193 Pa. 304, and

that his "opinion is written in supposed obedience to the law as laid down in that case." But that case, as the learned judge says, only decides "that a register cannot revoke the probate of a will." That is certainly true, and the reason is manifest. "A register," says Chief Justice BLACK, in Holliday v. Ward, 19 Pa. 485, "is a judge, and the admission of a will to probate is a judicial decision. His judgment, if it be in favor of the will, is evidence of its validity in all respects whatever, conclusive as to personal property, and presumptive as to real. Such judgment can only be set aside on appeal, and is unimpeachable in any other proceeding." But here we have an entirely different question presented, and one which is controlled by legislation. As we have attempted to show, the proper interpretation of the statutory authority to grant letters of administration confers by clear implication authority on the register to revoke them on the subsequent discovery of a will of the decedent. The register's authority to grant letters of administration is confined to cases of intestacy, and hence, when letters were granted to Mrs. Kern on the estate of her husband, the register was without authority to do so, and that would have been judicially determined by the probate of the will. The revocation of the letters, after the probate of the will, was a formal act required of the register after the testacy of the decedent had been judicially ascertained. In principle, cases of this character are not unlike those other cases where letters have been improvidently issued, and we have held that the register has the power to revoke such letters: Boyd's Appeal, 38 Pa. 246; McCaffrey's Estate, 38 Pa. 331.

The decree of the orphans' court dismissing the appellant's appeal from the register of wills is reversed; and it is now ordered, adjudged and decreed that the appeal from the register be sustained and that his decision refusing to admit to probate the writing purporting to be the last will and testament of decedent, dated December 28, 1885, and the codicil thereto attached, be set aside, and that unless cause be shown to the contrary, the register permit said will and codicil to be probated and the said Antonia Kern to surrender the letters of administration on the estate of Leonard Kern, deceased, granted to her by said register.