Sebik's Estate.

Argued March 17, 1930.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Edward O. Tabor* and *H. S. Dumbauld,* with them *Richard E. Davis,* for appellant.—Our one contention is that under the Act of June 7, 1917, P. L. 415, section 16(b), P. L. 422, the last will of F. G. Sebik may be presented for probate at any time: Pittsburgh v. Kalchthaler, 114 Pa. 547; Dame's App., 62 Pa. 417; Com. v. Fisher, 2 Pa. D. & C. 300.

The law does not fix any order of procedure; probate of a later will may precede an appeal from a former probate, or it may be joined in the appeal or it may follow the appeal: Cochran v. Young, 104 Pa. 333.

*H. C. Higbee,* of *Higbee, Matthews & Llewellyn,* with him *Robinson & Robinson* and *John Duggan,* for appellees.—As a person can make but one last will and testament (Cochran v. Young, 104 Pa. 333, 336), the register can admit to probate but one paper writing as his last will and testament, and what he thus admits to probate, if he have jurisdiction, is the last will and testament of the particular testator, for the time being, and, if not appealed from, for all time.

A register is a judge, and the admission of a will to probate is a judicial decision: Holliday v. Ward, 19 Pa. 485; Kern's Est., 212 Pa. 61; Matthews v. Biddell, 8 Pa. Superior Ct. 112; Beatty's Est., 193 Pa. 304; McAndrew's Est., 206 Pa. 366; Smith v. Bonsall, 5 Rawle 80; Rowland v. Evans, 6 Pa. 435; Assay v. Hoover, 5 Pa. 31; Wilson v. Gaston, 92 Pa. 207; McCort's App., 98 Pa. 33; Shoenberger's Est., 139 Pa. 132; Cawley's Est., 162 Pa. 520.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 14, 1930:

This is an appeal from an order of the court below dismissing an appeal from an order of the register of wills of Fayette County, who refused to admit to probate

a certain writing, purporting to be a copy of an alleged lost will. The appellant, Mary Zidek, is named as sole beneficiary and executrix in the paper which was refused probate.

The petition for probate recited, inter alia, that F. G. Sebik, the alleged testator, who died July 19, 1926, had in 1921 executed a will in appellant's favor, which he delivered to her; that this document, which was "in existence......at the time of the death of the said decedent......and for several days thereafter," has since been "lost or destroyed," that "another paper, dated July 14, 1915, purporting to be the last will and testament of the decedent, was probated on July 29, 1926," and letters testamentary granted thereon; that the writing attached to the petition was not sooner offered for probate "because of the difficulty and uncertainty of proving the facts" above recited, although the petitioner was "at all times cognizant" of such facts, and is now in a position to "produce the necessary witnesses" to establish them.

As already stated, a will of decedent, or what was then formally proved as such, had been duly probated in July, 1926; that probate has never been appealed from and stands unimpeached. The petition to admit to probate the alleged later will, tendered by the present appellant, was not filed till January, 1929, and neither this petition nor any other pleading on the record before us alleges fraud in connection with the probate of July, 1926.

The orphans' court, in its opinion in support of the order appealed from, well states that "A register is a judge, and the admission of a will to probate is a judicial decision, [which] can only be set aside on appeal, and is unimpeachable in any other proceeding," citing Holliday v. Ward, 19 Pa. 485, 489, and Kern's Est., 212 Pa. 57, 61. See also Shoenberger's Est., 139 Pa. 132, 141, 142. We agree with the court below that, in a case like the present, where there has been a prior probate of a

paper thereby accepted as the last will of the decedent, and an alleged testamentary writing bearing a later date is subsequently discovered, it is necessary, when the latter is not merely a codicil to the former, for its proponent to appeal from the earlier probate. On such appeal the orphans' court will take evidence to enable it to determine the issues involved and, if the paper offered for probate is in fact and law the last will of decedent, the court will make an appropriate order so that it may be probated accordingly.

Prior to the Register of Wills Act of June 7, 1917, P. L. 415 (which, generally speaking, is a compilation of then existing law), we decided that, though the decision of a register granting letters of administration on a decedent's estate would not prevent the probate of a will subsequently discovered (Agnew's App., 37 Pa. 467, 468), yet where a paper had been formally probated as the will of a testator and letters granted thereon, no other alleged testamentary writing could be accepted by the register as the testator's will unless, on an appeal from the first probate, he was ordered so to do.

In Cochran v. Young, 104 Pa. 333, a paper was admitted to probate, September, 1862, as the last will of one McCandless. In February, 1881, another alleged testamentary writing by McCandless, bearing a later date, was also admitted to probate, but without protest from any one. The matter came before us on an appeal from a judgment of the court below in an action of ejectment for certain real estate lately belonging to the deceased testator. We said (page 336) that "testator could make but one last will"; that (pages 337-8) the first probate of September, 1862, was a judicial act which could not be collaterally impeached, and when the register admitted to probate the paper first offered he necessarily adjudicated that it was "the last will and testament" of the deceased.

In Cawley's Est., 136 Pa. 626, a brother and sister, the latter named Mary Cawley, made a joint will leaving

their respective estates to one another for life, with certain limitations over. The brother died and the joint will was admitted to probate. Subsequently, the sister executed a new will revoking the one already probated, so far as it purported to be her will. She died, and the joint will was again offered and admitted to probate, this time as her will. Later, the executor named in the new will asked that the probate of the joint paper, so far as it was accepted as the will of the sister, should be vacated and that the paper offered by him should be accepted as her last will. The matter came to the orphans' court on appeal; it adjudged the writing bearing the later date to be "the last will" of Mary Cawley, vacated the second probate of the joint will, and directed the probate of the separate will. On appeal to us, we affirmed this order.

When Cawley's Estate was before us a second time (162 Pa. 520), we said, in reciting the facts (page 523), that when the executor named in the separate will of Mary Cawley was informed of the second probate of the earlier joint will as that of his decedent, he "did *all that was left for him to do* [the italics are ours], viz., he took an appeal from the decree of probate upon the double [joint] will, alleging that the will so proved was revoked by the later will in his possession."

In the last mentioned case, we decided (pages 523-4) that, on an appeal from an earlier probate, the validity as a will of a paper subsequently tendered for probate can be inquired into and determined. Again, in Com. ex rel. v. Thomas, 163 Pa. 446, 450, in disposing of a somewhat different question, we said in effect that, where a will was admitted to probate and an alleged later one was subsequently discovered, the proper practice for the proponent of the latter was to appeal from the earlier probate, and that on such an appeal "all questions raised by the evidence will be passed upon."

In Beatty's Est., 193 Pa. 304, 305, we affirmed per curiam an opinion which held that, when a register pro-

bated a paper offered as a last will, his power ceased and "all questions thereafter touching the probate or validity of the will are to be determined by the orphans' court on appeal." See also McAndrew's Est., 206 Pa. 366, and Mathews v. Biddell, 8 Pa. Superior Ct. 112, 114, where it is stated that, "With the probate of the will the register's judicial powers ceased;......all questions thereafter touching the probate or the validity of the will are to be determined by the orphans' court, on appeal from the register's decision, where the proper issue may be framed."

In Stout v. Young, 217 Pa. 427, 429, we said that "the probate of a will unappealed from is conclusive of the fact that it is the will of the alleged testator," meaning of course the last will.

Here no appeal was taken from the probate of July 29, 1926, and, therefore, appellant is not in a position to offer for probate the writing alleged by her to be a copy of the last will of testator. The probate of July 29, 1926, was an adjudication of the fact that the paper then accepted was the last will of testator, and that judgment can be attacked only on appeal.

Appellant points to section 16, paragraph (b) of the Register of Wills Act, supra, which provides that "the *last will* of any decedent may be offered for probate *at any time*" (the italics are ours), and insists that this provision controls the present case; but she entirely overlooks the fact that the record before us shows an adjudication, unappealed from, that a previously dated paper is the "last will" of this decedent. We may add that the statute in question, by paragraph (a) of section 16, particularly provides (in accord with previously established law, above shown) that "the probate of any will, or any other paper purporting to be a will......, shall be conclusive as to all property, real or personal, devised or bequeathed by such will or paper, unless within two years from the date of such probate......those interested shall appeal from the decree of the register."

As before stated, no such appeal in the present case has been entered.

Cases which suggest that, where fraud is shown, the judicial decrees of a register may be attacked collaterally, need not be discussed here, for, as previously said, there is no allegation of fraud on this record.

Appellees state in their brief: "While it is true that the writing [a copy of which] appellant seeks to have probated has been lost or destroyed, no point is made of that, and appellees grant, as they did in the court below, that the legal proposition is the same as if the proffer were of a paper duly signed and attested." In other words, this case was presented by both sides on the hypothesis that the alleged copy of a will, which appellant offered for probate, had all the rights in that regard which, under the circumstances, an original testamentary paper would possess. Though, for purposes of disposing of the present appeal, we have accepted the basis on which the case was argued, and considered it accordingly, yet it must be understood that nothing said in this opinion is intended to indicate any view on our part as to the validity of the adopted hypothesis. Finally, it should be noted that this case has been treated by all persons concerned on the basis that the previously probated paper and the one now offered for that purpose are antagonistic to one another, not as though the latter were merely supplemental to the former; and this opinion should be read and understood with that fact also in mind.

The decree appealed from is affirmed at cost of appellant.