## Gulden Estate

*Henry Kauffman*, for petitioner.

*Thomas P. Mulvaney*, for respondent.

*Edward A. Tobias*, for William W. Gulden.

BOYLE, P. J., August 3, 1953.—The record in the case at bar presents two questions:

1. Whether the son of decedent, who is appointed executor of a paper writing purporting to be her last will and testament, has the right to appeal to the orphans' court from the decree of the register admitting to probate an earlier will in which a nonrelative of the family is appointed executor, when the disposition of decedent's property is the same in both wills.

2. Whether the executor appointed in the probated earlier will has the right to contest the appeal of decedent's son to the orphans' court from the register's decree admitting to probate the earlier will when the appeal is taken for the purpose of having the decree opened and having admitted to probate the writing purporting to be the last will and testament of decedent in which the son is appointed executor, when both wills make the same disposition of decedent's property.

Under the earlier will and the writing purporting to be the last will decedent's property passes to her two sons in equal shares.

Susanna Gulden signed a will on November 9, 1929, bequeathing and devising her estate one third to her husband and the remaining two thirds to her two sons, William W. Gulden and Albert J. Gulden. In this will she appointed Carl L. Schumann executor. He was a friend of the family. Decedent's husband, Adolph Gulden, died on August 31, 1952. On the morning of September 28, 1952, Susanna Gulden made and signed a writing purporting to be her last will by which her estate passes in equal shares to her two sons. This last will appoints decedent's son, Albert J. Gulden, as executor. The will bears mistakenly the date of September 27, 1952.

While the language of the two wills is not identical, the death of the husband, Adolph Gulden, on August 31, 1952, prior to his wife's demise, causes an equal distribution of the estate between the two sons under the earlier will of November 9, 1929. The same equality of distribution between the two sons is provided in the last will of September 28, 1952.

Susanna Gulden died on the evening of September 28, 1952.

On October 4, 1952, Carl L. Schumann, the executor named in the earlier will dated November 9, 1929,

caused a caveat to be filed in the office of the register of wills. On October 7, 1952, Mr. Schumann withdrew the caveat and filed his petition before the register for the admission to probate of the will dated November 9, 1929, and for the grant of letters testamentary thereon. The will was admitted to probate and letters testamentary were granted thereon to Carl L. Schumann on October 7, 1952.

On October 27, 1952, Albert J. Gulden, son of decedent and the executor named in the last will of decedent dated September 27, 1952, filed his appeal from the decree of the register admitting to probate the earlier will of November 9, 1929, and the granting of letters testamentary thereon to Carl L. Schumann.

On October 31, 1952, appellant, Albert J. Gulden, presented his petition in the orphans' court praying ". . . for a citation directed to William Gulden and to Carl L. Schumann, executor, to show cause why the said appeal should not be sustained and a decree entered by your honorable court directing the register of wills to set aside the order admitting to probate the will dated November 9, 1929, and to admit to probate the will dated September 27, 1952, as the last will and testament of the above named decedent."

The citation was awarded and served. On January 8, 1953, an answer was filed by Carl L. Schumann, executor, averring, inter alia, that the will executed by the decedent on September 27, 1952 ". . . is void and of no effect because it is not the free act and deed of said Susanna Gulden, but was executed because of the undue influence exerted upon her by Albert J. Gulden and others, and further that at the time of the making of said paper writing, the said Susanna Gulden lacked testamentary capacity."

William W. Gulden, the other son of decedent, is also a respondent in this case. He did not file an answer but he was represented by counsel at the hearing.

The procedure in this case is correct. As held in Roberts Will, 373 Pa. 7, 15:

"When a later will is offered for probate, an appeal must be taken from the probate of a prior will, whereupon the court will inquire into the validity of the paper subsequently tendered for probate and determine the issues involved and make an appropriate order: Sebik's Estate, 300 Pa. 45, 150 A. 101."

The case came on to be heard.

The testimony reveals that decedent was 77 years of age at the time she signed the paper writing dated September 27, 1952, which purports to be her last will and testament. The preparation and execution of this writing were proven by the testimony of honest and respectable persons who have no interest in the estate. Likewise the testimony establishes that decedent possessed testamentary capacity when she signed the writing dated September 27, 1952. In the opinion of the hearing judge the paper writing bearing date of September 27, 1952, and purporting to be the last will and testament of decedent is prima facie a valid instrument which appellant should be permitted to offer for probate unless he is barred from doing so by the provisions of section 208(a) of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840, which provides:

"Section 208. Appeals—

"(a) When Allowed. Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to six months."

Carl L. Schumann, respondent who is contesting the appeal of Alfred J. Gulden, asserts that section 208(a) of the Register of Wills Act of 1951, quoted above, is a bar to the appeal from the register's decree entered October 7, 1952, admitting to probate the earlier will of November 9, 1929. Respondent alleges that appellant is without standing to appeal from the register's decree because as the executor designated in the writing dated September 27, 1952, he is not a party "aggrieved" or a "party in interest" in view of the fact that he takes the same share in the estate under the earlier will as he does under the last will which he seeks to have admitted to probate.

Respondent, Carl L. Schumann, relies upon section 208(a) of the Register of Wills Act, supra, and upon the decision of the Supreme Court in Knecht's Estate, 341 Pa. 292, as a bar to the appeal in this case. The case at bar does not involve an appeal from a decree of the register refusing to probate the writing dated September 27, 1952. This appeal is taken for the purpose of having opened the register's decree admitting to probate the writing dated November 9, 1929, so that application may be made for the probate of the later writing dated September 27, 1952, which purports to be the last will and testament of decedent. The case at bar is not within the provision of section 208(a) of the Register of Wills Act of 1951. That section of the act governs only cases involving an appeal by a named executor from a register's decree refusing probate of the writing in which the executor is appointed.

Nor does the case at bar come within the ruling in Knecht's Estate, supra. In that case decedent had made her will on April 30, 1937, before her marriage. In 1938 testatrix married Knecht. On March 4, 1939, she made what she termed "my latest will", bequeathing a life estate to her husband in all her property with remainder to certain of her relatives. On April

23, 1940, testatrix executed a codicil to her will of April 30, 1937, by the terms of which codicil she bequeathed to her husband the same life interest as in the writing of March 4, 1939. It was held that the codicil dated April 23, 1940, was a republication of the will dated April 30, 1937, and thus effected a revocation of the intermediate will of March 4, 1939, under which the husband claimed the right to letters of administration c. t. a. The husband was thus left without any interest except under the will of April 30, 1937, and its codicil of April 23, 1940. The Supreme Court in Knecht's Estate, on page 298 adverted to the fact that the husband took the same interest under the will of 1937, modified by the codicil of 1940, as he did under the intermediate will of 1939 and was, therefore, not a "person interested" in setting aside the probate nor a "party entitled to appeal" within the meaning of sections 16 (a) and 21 (a) of the Register of Wills Act of 1917. The case at bar is not analogous to Knecht's Estate on the facts. In the case at bar appellant is the nominated executor in what purports to be the valid last will and testament of decedent. If the contentions of respondent are correct the effect would be to bar from probate the last will and testament of decedent. It is the duty of Albert J. Gulden, the executor named in the writing dated September 27, 1952, to offer it for probate. As held by Judge Hanna of the Orphans' Court of Philadelphia County in the case of In re Will of William M. King, 13 Phila. 379:

"It is the duty of the person named as executor to offer the testamentary paper for probate; and, if he neglects, can be compelled so to do upon the application of a party in interest. It may be that he has no pecuniary interest other than the expected compensation for services in the settlement of the estate; but this is of little moment, and not to be considered, in view of the trust reposed in him by the testator. He

is a trustee for creditors and legatees, and this confers such an interest as may be injuriously affected by the decision of the register. The act of March 15, 1832, under which the appeal has been taken, gives the right to 'any person interested', and clearly the executor whose demand for probate and letters testamentary is denied, is within the provision of the act."

In Hetzel's Estate, 37 D. & C. 440, 446, the late President Judge Trimble of this court held:

". . . Every will probated which is not the last will is as much a fraud upon the register as the forgery was in Culbertson's Estate, [301 Pa. 438.] The moment that it is known that a probated will is not the last will, it becomes the duty of every person connected with the proceedings to see that the rights of testator are protected."

We do not know why the decedent wished her son to be the executor of her estate in place of Carl L. Schumann. Decedent is at least entitled to the presumption that she had good and sound reasons for so expressing her wishes in the writing which purports to be her last will and testament.

The hearing judge holds that it would be contrary to law to dismiss the appeal of Albert J. Gulden under the facts presented by this record.

The executor appointed in the earlier will dated November 9, 1929, does not have such an interest in the estate of decedent as gives him standing or right to contest the appeal of Albert J. Gulden from the register's decree entered October 7, 1952. See Faust's Estate, 364 Pa. 529, 531; Winter's Estate, 57 D. & C. 433, 439, and the cases cited therein.

The appeal of Albert J. Gulden from the decree of the register admitting to probate a certain paper writing dated November 9, 1929, as the last will and testament of decedent will be sustained.