Zimmermann Will.

Argued October 5, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*H. Ober Hess*, with him *Sherwin T. McDowell* and *Ballard, Spahr, Andrews & Ingersoll*, for appellant.

*H. Clay McCormick*, with him *Malcolm Muir, James T. Smith*, and *Furst, McCormick, Muir & Lynn*, for appellee.

OPINION PER CURIAM, November 14, 1955:

The appeal is from a decree of the Orphans' Court of Clinton County refusing an issue *devisavit vel non* on the ground of alleged testamentary incapacity. The court decided that no substantial dispute existed upon any material fact.

Counsel for appellant, in their paper book, make reference to the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS 2080.101 et seq. Section 745 of art. VII of the Act provides that where a substantial dispute shall arise in a will contest the right to a jury trial is a matter of right. In Section 746 (c) of the Act, it is enacted: "Effect of verdict. The verdict of the jury in the orphans' court shall have the same ef-

fect as the verdict of a jury in a case at law in a court of common pleas." The Act, however, does not change the well-established principle that before an issue *devisavit vel non* is granted there must be a judicial determination that a substantial dispute exists. The question of construing Section 746 (c) of the Act of 1951, supra, relating to jury trials, is not now before us.

Undoubtedly there is evidence in the present case on behalf of appellant which, standing alone without considering the overwhelming testimony of proponent to the contrary, might indicate a substantial dispute. We have read and considered the evidence with great care. We are unable to profitably add to what Judge VAN RODEN has correctly decided in his opinion refusing the grant of an issue.

Decree affirmed. Parties to bear their respective costs.