**Keiper Estate**

*Edwin Kravitz*, for appellant.

*Walter Olenick*, for appellee.

DAVIS, P. J., October 27, 1958.—This matter is before the court on motion to quash an appeal from the probate of a writing dated September 27, 1950, purporting to be the last will and testament of Arch Keiper, who died June 21, 1955. Letters testamentary were granted to C. E. Gantzhorn.

On December 10, 1957, Sadie Keiper filed a petition for appeal from probate of the will dated September 27, 1950, alleging that said decedent made a later will dated May 16, 1955, wherein she was a devisee, and attached a copy of said will thereto but did not file a bond.

The motion to quash alleges two reasons: (1) Failure to appeal within two years; (2) failure to file a bond as required by the Register of Wills Act of June 28, 1951, P. L. 638, art. II, sec. 208, 20 PS §1840.208.

For the purpose of passing on the motion to quash, we must assume the allegations in the petition are true. It seems clear that under the facts above set forth the proper procedure requires an appeal from the probate of the paper dated September 27, 1950, which was accepted as the last will of decedent.

"We agree with the court below that, in a case like the present, where there has been a prior probate of a paper thereby accepted as the last will of the decedent, and an alleged testamentary writing bearing a later date is subsequently discovered, it is necesesary,

when the latter is not merely a codicil to the former, for its proponent to appeal from the earlier probate": Sebik's Estate, 300 Pa. 45, 47, 48.

The Register of Wills Act of 1951, 20 PS §1840.101, et seq., contains the following provisions which are relevant to the questions involved:

"(a) When allowed. Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree: . . .

"(b) Bond. Anyone appealing from a decree of the register shall, within ten days after filing his appeal, file with the register his bond in the name of the Commonwealth with sufficient surety in such amount, not less than five hundred dollars or more than five thousand dollars, as the register considers necessary, conditioned for the payment of any costs that may be decreed against him. If no bond is filed within the ten-day period, the appeal shall be considered abandoned": 20 PS §1840.208.

"(a) Original Probate. A will, other than a nuncupative will, may be offered for probate at any time.

"(b) Conclusiveness of Original Probate. The probate of a will shall be conclusive as to all property, real or personal, devised or bequeathed by it, unless an appeal shall be taken from the probate as provided in section 208": 20 PS §1840.303.

Under the averments in the petition for appeal, we must assume at this stage of the proceedings that the paper proposed to be probated is the last will and testament of decedent, Arch Keiper. Section 303 above provides that a will may be offered for probate at any time. Section 208, however, provides that an appeal must be taken within two years. Does the limitation on the time for appeal abrogate the plain legislative enactment that a will may be offered for probate at any time? We believe not. If the paper that has been

probated was not the last will and testament of decedent, then the mere act of the register has transformed a nullity into an effective legal instrument. In Palm Estate, 62 Dauph. 43, Judge Richards sustained an appeal on the basis of an after-discovered last will approximately three and a half years after the original probate, holding that the sections of the Register of Wills Act of 1917, which are analogous to the sections of the Register of Wills Act of 1951 above quoted, did not prohibit the opening of the probate of the earlier will and tendering of the later will for probate and further stated: ". . . this seems to be essential in the interest of justice." In Hetzel's Estate, 37 D. & C. 440, 446, Judge Trimble sustained an appeal from probate based on an after-discovered will more than two years after the original probate and said, inter alia:

"The moment that it is known that a probated will is not the last will, it becomes the duty of every person connected with the proceedings to see that the rights of testator are respected. The register has been deceived by the probate of a forged will or of a will obtained by undue influence, and also where no actual fraud has been perpetrated, as when it is discovered that a probated will is not the last will. There can be no such thing as not giving effect to section 16(b) of the Register of Wills Act, supra, by refusing to probate a last will and testament at any time except when rights have been lost by transfers and conveyances, and by laches. It is not argued and it cannot be said that any rights of assignees or grantees have intervened, or that any claim by legatees under the first will is any higher today than it was when the will was probated. All parties have the same status now as they did when Lawrence Hetzel died."

We agree with Judge Richards that the interest of justice requires that the appeal from probate be sustained.

404

We pass to the next question. Must a bond for costs be filed within 10 days after the appeal, in accordance with the statute cited above?

The law does not provide for the filing of a bond for costs in relation to the offering of a will for probate. We do not believe that the probating of a writing that may be a nullity can amend, or change, or abrogate the plain language of the statute which says a will may be offered for probate at any time. The same reasons that make the two-year limitation under the statute ineffective apply with equal force to the bond requirement.

Therefore, we hold that under the particular circumstances of this case, filing of a bond is not required. Cases cited by counsel to the effect that a bond is required can be distinguished on the facts. No case has been cited where a bond has been required when the appeal from probate is taken for the purpose of allowing an alleged last will to be offered for probate.

*Order*

And now, October 27, 1958, motion to quash is dismissed.