## Lohr Estate

*Louis T. Guthrie* and *Bulleit & Bulleit,* for appellant.

*J. Francis Yake, Jr.* and *Ronald J. Hagarman,* for respondents.

*Oscar F. Spicer,* for Commonwealth.

SHEELY, P. J., March 4, 1964.—The Hanover General Hospital has appealed from the decree of the Register of Wills of Adams County admitting certain papers dated February 1957 to probate as the last will of Eva Lohr, deceased, which papers make no disposition of her residuary estate. The hospital alleges that an additional sheet of paper signed by testatrix, but undated, was also a part of decedent's will or was a codicil thereto, and that the same provided for the grant of the residuary estate to the hospital.

To a citation directed to all interested parties to show cause why the appeal should not be sustained and the additional sheet of paper described in the petition be admitted to probate as an additional portion of the will or as a codicil thereto, certain heirs of decedent have filed answers alleging lack of knowledge of the averments of the petition and demanding proof thereof.

It is well settled that "When a later will is offered for probate, an appeal must be taken from the probate of a prior will, whereupon the court will inquire into the validity of the paper subsequently tendered for

probate and determine the issues involved and make an appropriate order": Roberts Will, 373 Pa. 7, 15 (1953); Sebik's Estate, 300 Pa. 45, 47 (1930).

The orphans' court, having no original jurisdiction of probate, may not determine finally the validity of the later writing at this stage of the proceeding but, upon prima facie proof thereof, will open the decree of probate and remit the record for proof and hearing before the register of wills: 5 Hunter's O. C. Common Place Book (2nd ed.) p. 165; 1 Partridge-Remick, page 349; Aker, Pennsylvania Probate, page 139.

The hospital has filed with the court a petition, alleging that the issue as to whether the appeal should be allowed is closely related to the issues which could be raised at an ultimate trial (upon a subsequent appeal from the decree of the register of wills, either admitting or refusing to admit the additional sheet of paper to probate) and that time, expense and effort of all concerned would be conserved by combining the hearing and the trial and to make a final decision of the matters raised by the petition and answers in accordance with the provisions of article VII, sec. 746(a.1), of the Orphans' Court Act of 1951, approved August 10, 1951, P. L. 1163, as amended.

The purpose of appellant, of course, is to get an immediate final decision, which is commendable, but it is our opinion that the procedure provided for in that section of the Orphans' Court Act is not applicable to the present case.

The effect of adopting the procedure suggested by appellant would be to bypass the register of wills as to the probate of the additional sheet of paper and to treat the case as though it were here on appeal from his probate or refusal to probate that paper. But the orphans' court has no original jurisdiction of probate: Lappe Estate, 52 Pitts. L. J. 157 (1904), and can only pass finally on a matter of probate on appeal from the

decree of the register of wills as to this paper or on his certification to the court. Furthermore, the only issues before the court on the present appeal are whether the additional sheet of paper is testamentary, and whether it was signed by testatrix at the time of, or after, executing the probated will and was intended by her to be a part thereof or a codicil thereto. When the paper is actually offered for probate before the register of wills, it would be possible for the contestants to attack it also on other grounds, such as lack of testamentary capacity or undue influence, etc., which questions are not raised in the answers to the citations in the present case.

The cases of Cawley's Estate, 136 Pa. 628 (1890), and Cawley's Estate, 162 Pa. 520 (1894), illustrate the point. Mary Cawley and her brother had a double will, signed by both, which was probated after the brother's death. Upon the death of Mary, the double will was again probated as her will. Thereupon, a second and separate will of Mary was offered for probate and was refused because of the prior probate. An appeal was taken from the probate of the double will, alleging that it was revoked as to Mary by the later will. It was contended by the contestants that the double will was irrevocable. The orphans' court, and the Supreme Court on appeal, held that the double will was revocable. The second will was then admitted to probate without notice to the parties, notwithstanding a caveat filed with the register of wills. In the second case, the Supreme Court pointed out that all that was decided in the first case was that the double will was revocable. The court said:

"The second will is now offered for probate and it is the duty of the proponent to establish its validity in the usual way. It is not a valid revocation of the double will, unless it is a valid will executed by one having testamentary capacity and without undue in-

fluence. These questions have not been heard . . ,. the appellant has a right to be heard upon the testator's capacity and upon the exercise of undue influence over her."

In the second Cawley case, the court indicated that the proceeding in the first appeal might have taken such shape as to permit the parties to raise all questions concerning the validity of the second will had such questions been raised. In Roberts Will, 373 Pa. 7 (1953), upon appeal from probate of an earlier will, the court awarded an issue as to the validity of the later will on questions of testamentary capacity and undue influence, and a verdict in favor of the will was sustained. It is apparent that these questions were specifically raised by the contestants in their answers.

Section 746(a.1) was added to the Orphans' Court Act by the amendment of February 10, 1956, P. L. (1955) 1022, to correct a specific evil. The practice, procedure and manner of enlisting the aid of a jury in determining the validity of wills is provided by sections 744, 745 and 746 of the Orphans' Court Act. Prior to the amendment of July 14, 1961, P. L. 610, to section 745 of the act, any party in interest was entitled to a jury trial when a substantial dispute of fact arose concerning the validity of a writing alleged to be testamentary. As a result, three separate hearings to determine the validity of a will were possible: A hearing before the register of wills at the time of probate; a hearing before the court on appeal to determine primarily whether the dispute of fact was substantial; and, lastly, a jury trial under section 745(a), or a trial without a jury if the parties waived a jury trial under section 745(c). In most instances, the testimony in the three hearings was identical, and the result was the expenditure of time and money by the litigants and a delay in reaching a final result:

Zimmerman Will, 383 Pa. 42, 44 (1955); Fiduciary Review, June 1960; February 1961; August 1961.

To remedy this situation, the legislature, by the amendment of 1956, added the last sentence of section 744 and the new section 746(a.1), authorizing the court to impanel a jury at any stage of the proceeding, the jury acting in a "stand-by capacity", by hearing the testimony at the same time the court was hearing it. If the court, after hearing the testimony, determined as a matter of law that the dispute of fact as to the validity of the will was not substantial, the court would refuse to permit the jury to pass on the dispute, similar to a nonsuit. If the court determined the dispute was substantial, it would then submit it to the jury for determination: Zimmerman Will, 383 Pa. 42, 44 (1955). This had the advantage of combining the second and third hearings above referred to, but it did not eliminate the possible hearing before the register of wills.

Section 745 of the Orphans' Court Act was amended by the Act of July 14, 1961, P. L. 610, by eliminating the statutory right to trial by jury in will contests where there was a substantial dispute of fact. This amendment completely eliminates the necessity for the second hearing above referred to, wherein the court determined whether there was a substantial dispute of fact. Substituted therefor is the provision that when a contest shall arise concerning the validity of a writing alleged to be testamentary, the court, in its discretion, at any stage of the proceedings, may impanel a jury to decide any question of fact, but the verdict of the jury shall be advisory only. See Fiduciary Review, August 1961.

Under present procedure in the orphans' court in will contests, therefore, there is only one hearing or trial before the court on appeals from the register of wills from the probate of a will at which the court

may, or may not, be aided by a jury, but at which the court makes a final determination of the issues involved. In the present case, that issue is whether the proponent of the additional sheet of paper can establish prima facie that the paper is testamentary and was signed by testatrix at the time of, or after, executing the probated will and was intended by her to be a part thereof or a codicil thereto. In other words, the issue is whether the decree of probate of the first will should be opened so as to permit the additional sheet of paper to be offered for probate.

For the above reasons, the proponent's petition must be denied.

And now, March 4, 1964, the petition of the proponent to combine the hearing and the trial in the above matter is denied.