KLEIN, A. J.,
— Roy Fothergill, also known as William Leroy Fothergill, died on October 13, 1969. The register of wills entered a decree on October 28, 1969, admitting to probate a writing dated May 4,1965, as the last will and testament of decedent and issued letters testamentary thereon to Frank M. Lapetina, the executor named therein. An appeal was taken from the probate of said writing by Herbert G. Lowenstein, a legatee under a later writing dated September 21, 1965.
An issue was joined to determine whether the later writing was actually executed and whether it was testamentary in character. The matter came on for hearing on January 25, 1971, before Silverstein, J., who entered a decree dated February 23, 1971, opening the decree of the register of wills in order to enable him to consider and act upon a petition to probate the later writing. Exceptions were filed to this decree *747 by Frank M. Lapetina, the proponent of the probated writing.
At the hearing before Judge Silverstein, J. Russell Gibbons, a highly respected member of our bar, testified that he prepared the will bearing date September 21, 1965, for decedent on that date and that it was executed in his office by decedent on the same day. He stated that he and his secretary, Joan McKeown, were present when the will was signed and that they acted as subscribing witnesses. Mr. Gibbons further stated that the executed will was left with him for safekeeping. Joan McKeown, the other subscribing witness, testified that she typed the will for Mr. Gibbons, saw Mr. FothergiU sign the will and witnessed his signature.
A register of wills is a judicial officer and the admission of a will to probate by him is a judicial decision, which cannot be set aside except by appeal to the orphans’ court and is unimpeachable in any other proceeding: Sebik’s Estate, 300 Pa. 45 (1930); Lennox v. Clark, 372 Pa. 355, 372 (1953).
The orphans’ court has no original jurisdiction of probate. When a later will is offered for probate, an appeal must be taken from the probate of the prior will, whereupon the orphans’ court will inquire into the validity of the paper subsequently tendered for probate and determine the issues involved and make an appropriate order: Sebik’s Estate, supra; Lohr Estate, 33 D. & C. 2d 151 (1964).
“Where petitioners appeal from the probate of a will for the purpose of submission for probate of an alleged will of later date, the appeal puts at issue a single question: Was it testator’s last will? To make the appeal effective, all that is required of appellant is to prove by two witnesses the execution • of the paper produced, if it bears a later date and is clearly *748 testamentary in its character. When this has been done, prima facie, the will that had been admitted to probate is not the last will. The orphans’ court will then open up the decree and direct appellant to produce before the register the paper which he claims to be a later will and proceed to make proof in the usual manner. Whether the paper so offered is genuine would then be a question to be inquired into, if contested”: Partridge-Remick Pa. O. C. Practice, vol. 1, p. 350; Kauffman Estate, 24 D. & C. 2d 343, 347 (1961); Steiger Estate, 16 D. & C. 2d 79, 83 (1958); 5 Hunter’s Pa. Orphans’ Court Commonplace Book (2d ed.) p. 165, and the cases there cited; Aker, Pa. Probate and Interpretation of Wills, p. 139.
It is clear that appellant established prima facie proof of execution of the later writing and that it was testamentary in character. Accordingly, Judge Silver-stein was duty bound to enter a decree opening the probate and remitting the record to the register of wills to enable him to consider the validity of the second writing.
The earlier will of May 4, 1965, provided:
“2. In consideration of his continuing to live with me until one of us shall decease I hereby give, devise and bequeath unto FRANK M. LOPETINA all of my property upon my death including all property of every kind and nature and no matter wheresoever the same shall be situate.”
Counsel for Frank M. Lapetina contend that he fulfilled the condition of the will by living with decedent until his death. They argue farther that since the estate has been fully administered, the grant of letters advertised and the inheritance tax paid, it would be a futile act to allow probate of a later will as they contend that Lapetina is entitled to the entire estate in any event. They suggest that we adopt “an equit *749 able plan” by allowing appellant to lodge the later will without the appointment of an executor, and direct that all disputes between the parties be resolved at the audit of the account of the executor acting under the first will.
The orphans’ court is wholly without power or authority to follow such procedure. The determination of whether a writing is the last valid will of a decedent is a question of probate and is within the exclusive jurisdiction of the register of wills. The determination of the rights of Frank M. Lapetina under the earlier will or by reason of any agreement made by him with decedent to continue to live with him are questions of distribution and are within the exclusive jurisdiction of the orphans’ court. We cannot usurp the functions of the register of wills. Counsel is asking us to do indirectly what we are forbidden by law to do directly. This we will not do.
The order made by Judge Silverstein was precisely correct. If the register of wills sustains and admits for probate the will of September 21, 1965, the executor named in the earlier writing will be compelled to file an account of his administration and then turn over and deliver all papers and assets belonging to decedent’s estate to the executor of the later will for administration and accounting. Any claims which Mr. Lapetina may have against the estate, contractual or otherwise, can be presented at the audit of the account of such executor.
Accordingly, we enter the following
DECREE
And now, June 30, 1971, the exceptions filed by Frank M. Lapetina to the decree entered by Silver-stein, J., dated February 23, 1971, are dismissed. And it is ordered and decreed that the decree of the *750 register of wills, dated October 27, 1969, admitting to probate a paper writing, dated May 4, 1965, as the last will and testament of Roy Fothergill, also known as William Leroy Fothergill, deceased, is hereby opened insofar as to enable the register of wills to consider and act upon a petition for probate of a later writing, dated September 21, 1965, as the last will and testament of decedent; and the record is remitted to the register of wills.