Helen R. LITWHILER, Plaintiff,

v.

Carol T. HIDLAY et al., Defendants.

Civ. No. 76-1347.

United States District Court,
M. D. Pennsylvania.

April 14, 1977.

Gailey C. Keller, Smith, Eves & Keller, Bloomsburg, Pa., for plaintiff.

Edward H. Feege, Hayes & Feege, Allentown, Pa., Dale A. Derr, County Sol., Bloomsburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

On March 21, 1971, Plaintiff Litwhiler was appointed a clerk in the Columbia County Assessor's Office. On January 16, 1976, as a result of a change in the majority party on the Columbia County Board of Commissioners, Litwhiler allegedly was relieved of her position with the County on the basis of her political affiliation. The above-captioned litigation ensued.

■ The political patronage system withstood attack in the Pennsylvania courts as late as 1971. *AFSCME v. Shapp*, 443 Pa. 527, 280 A.2d 375 (1971). However, on June 28, 1976, five months after Litwhiler's removal, the United States Supreme Court held that the dismissal of individuals employed by political subdivisions in non-policymaking, non-confidential positions based on their membership in a particular political party violates the First Amendment to the United States Constitution. *Elrod v.*

*Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Currently pending in this case is the Defendants' motion to dismiss pursuant to F.R.Civ.P. 12(b)(1), alleging lack of subject matter jurisdiction on the basis of *pre-Elrod* law. The Defendants have submitted an Answer. Since F.R. Civ.P. 12(b) provides that a motion to dismiss must precede such a pleading, the Court will treat the motion as one for summary judgment under F.R.Civ.P. 56 and will accept as true all well-pleaded factual allegations contained in the Complaint. Cf. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977).

The parties agree that Litwhiler had a non-policymaking, non-confidential position with Columbia County. The only issue which need be resolved for purposes of this motion is whether *Elrod* applies retroactively to Litwhiler's dismissal. Litwhiler petitions the Court to reach back and attach legal consequences to a pattern of conduct premised on judge-made law, *AFSCME v. Shapp*, 443 Pa. 527, 280 A.2d 375 (1971), different from the rule which ultimately prevailed in *Elrod*. Similar requests for retroactive relief have been rebuffed by the United States Supreme Court. *City of Phoenix v. Kolodziejski*, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970); *Cipriano v. City of Houma*, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); *Allen v. State Board of Elections*, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969).

■ A prospective-only application of a constitutional holding in a non-criminal context is not automatic. *Linkletter v. Walker*, 381 U.S. 618, 627, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). However, since judge-made rules are, until overturned, "hard facts on which people must rely in making decisions and in shaping their conduct", the Supreme Court recognizes a "doctrine of non-retroactivity" which places a tremendous obstacle in the path of the party seeking retrospective relief. *Lemon v. Kurtzman*, 411 U.S. 192, 197, 199, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973).

■ The non-retroactivity question generally involves a consideration of three separate factors. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). First, in order to be applied non-retroactively, the decision must establish a "new principle of law", either by overruling past precedent or by deciding an issue of first impression whose resolution was not predictable. See *Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481, 496, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968); *Allen v. State Board of Elections*, 393 U.S. 544, 572, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969). Second, the prior history of the decision in question as well as its purpose and effect must be evaluated to determine whether prospective-only application will "further or retard its operation." *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Third, the inequity imposed by a retroactive application must be weighed, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969). The application of those factors to this case mandates a decision favorable to the Defendants.

The Supreme Court's decision in *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), unquestionably overrules clear past precedent—*AFSCME v. Shapp*, 443 Pa. 527, 280 A.2d 375 (1971)—on which the Defendants relied. The fact that three dissenters in *AFSCME* argued for a position similar to the one which ultimately prevailed in *Elrod*, does not render the Defendants' reliance on the majority view of the Pennsylvania Supreme Court unreasonable.

The Court cannot perceive how either retroactive or prospective-only application of the rule announced in *Elrod* will "further or retard its operation". Consequently, the second of the three factors generally considered with respect to the non-retroactivity question has little impact on this case.

The factor which militates most strongly in favor of a prospective-only application of *Elrod's* principles to the situation in this case is the chaos which a retroactive implementation would engender. To declare invalid all politically-motivated personnel changes in functionary positions within the last several years—depending upon the applicable statute of limitations—would ignite a chain reaction of claims whose magnitude exceeds reasonable assessment. Consequently, "there is ample basis . . . for avoiding the 'injustice or hardship' by a holding of non-retroactivity." *Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969). Only in the most compelling circumstances should *ex post facto* consequences attach to activity which, as here, has been found legitimate by the Commonwealth's highest court. The allegations of this case do not present such a situation.

Since Litwhiler's January 16, 1976 dismissal from her position as a clerk in the Columbia County Assessor's Office did not violate her First Amendment rights as they existed at that time and since the Complaint alleges no other basis for Federal jurisdiction, the Defendants' motion to dismiss, treated as a motion for summary judgment, will be granted.

An appropriate order will be entered.