RETAIL CLERKS INTERNATIONAL ASSOCIATION, LOCAL 1357, et al.

v.

Thomas LEONARD et al.

Civ. A. No. 76–2367.

United States District Court, E. D. Pennsylvania.

May 1, 1978.

---

**664**

Bruce E. Endy, Philadelphia, for plaintiff.

Jeffrey B. Albert, Philadelphia, Pa., for defendant Thomas Leonard.

John M. McNally, Jr., First Deputy City Solicitor, Law Dept., Philadelphia, Pa., for defendants Mayor Rizzo & City of Philadelphia.

## OPINION AND ORDER

FOGEL, District Judge.

### I. PROCEDURAL AND FACTUAL HISTORY OF THE CASE

Presently before the Court are motions to dismiss filed by Defendants Mayor Frank L. Rizzo and the City of Philadelphia and cross motions for summary judgment filed by Plaintiffs and Defendant Leonard. Due to the record before us, we will treat the motions to dismiss as motions for summary judgment as provided for in F.R.Civ.P. 56.

On September 4, 1975, the Retail Clerks International Association, AFL–CIO, Local 1357 (Retail Clerks), filed a petition with the Pennsylvania Labor Relations Board (PLRB), for representation of the employees of the office of the Register of Wills. The PLRB ordered that a representation election be held on January 19, 1976. The election resulted in a tie and was therefore a vote against union representation. Defendant Leonard was sworn in on January 5, 1976 as Register of Wills/Clerk of the Orphan's Court Division of the Court of Common Pleas of Philadelphia. On January 12, 1976, Defendant Leonard discharged the named Plaintiffs. Leonard has admitted that the discharges were politically motivated. On January 22, 1976, Retail Clerks filed unfair labor practice charges, claiming the discharges were in violation of the Pennsylvania Labor Relations Act. Hearings were held by the PLRB on the unfair labor practice charges on March 5, 1976, and on April 5, 1976. The hearing examiner recommended the charges be dismissed. The instant action was filed on July 28, 1976.[1]

---

1. The factual recitation above sets forth only those facts necessary to position the case for disposition of the motions for summary judgment. The parties, in particular, counsel for Defendant Leonard, in their brief in support of his motion to dismiss, have detailed a long factual summation. Although the summation provides certain background, it is irrelevant to our determination of the matter before us.

## II. DEFENDANTS

Defendants are Thomas Leonard, individually and in his capacity as Register of Wills, the City of Philadelphia, and Frank L. Rizzo, individually and in his capacity as Mayor of Philadelphia.

## III. NATURE OF PLAINTIFFS' CLAIMS [2]

Plaintiffs are all present or former employees of the office of the Register of Wills of Philadelphia. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, 2201 and 2202. They contend that their discharge by Defendant Leonard, after his assumption of office, for political and patronage reasons constitutes a violation of and infringement upon Plaintiffs' right of freedom of association and the right to political beliefs of their own choosing, in violation of the First and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985. Plaintiffs also allege a conspiracy among Defendants to deprive them of (a) freedom of association and (b) the right to exercise political beliefs of their own choosing by virtue of the discharges, allegedly in violation of 42 U.S.C. § 1985.

## IV. MOTION TO DISMISS OF THE CITY OF PHILADELPHIA AND MAYOR FRANK L. RIZZO

■ It is well settled that local government entities are not "persons" within the meaning of 42 U.S.C. §§ 1983, 1985 and the First and Fourteenth Amendments. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Therefore, the motion

of the City of Philadelphia must be *granted,* and Plaintiffs' motion for summary judgment, as to the City, must be *denied.*

■ It is clear from Plaintiffs' original and amended complaints, the cross motions for summary judgment and supporting memoranda, that the allegation against the City is that it was a co-employer of Plaintiffs at the time of their discharge, and thus culpable; the allegation against Mayor Rizzo is that he was responsible for implementing city-wide personnel policies of the City and was therefore responsible for the politically motivated discharges. *However, in response to the City's and Mayor Rizzo's motions to dismiss, Plaintiffs admit that the City has no power to hire any employees in the office of the Register of Wills and was a co-employer only for the sole purpose of paying salaries.*[3] See *Walsh v. Tate,* 444 Pa. 229, 282 A.2d 284 (1971); Pa.Const. Sched.Art. 5, § 16. *Mayor Rizzo argues that because the City is not a "person under the Civil Rights Act of 1871, and acts as a co-employer of Plaintiffs only for purposes of paying salaries, there is no derivative right against him, either individually or in his capacity as chief executive officer. We agree with the City and the mayor. There is not a sufficient nexus between the acts complained of and the role the City plays as a co-employer; therefore, we do not find any derivative cause of action against Mayor Rizzo as chief executive officer of the City, and his motion to dismiss, also treated as a motion for summary judgment, must and will be granted.*

## V. JUDICIAL IMMUNITY

■ Defendant Leonard asserts that he is immune from suit because of his status as

---

**2.** We determined that Retail Clerks lacked standing to pursue this matter and dismissed them as a party plaintiff by Order of May 13, 1977.

**3.** The Office of the Register of Wills was not covered by the 1968 amendments to the Penn-

sylvania Constitution and is therefore not subject to the Philadelphia Home Rule Charter. Hence the City and the mayor argue that they not only have no control as to this quasi-judicial office, but that the mandate that the City pay salaries is a non-discretionary one which does not give them any control over that office.

a judicial officer. Pa.Const.Sched.Art. 5, § 16(n) provides:

> The register of wills shall serve ex officio as clerk of the orphans' court division of the court of common pleas.

We agree that the Register of Wills is a judicial officer and that there is absolute immunity for performance of his judicial acts. *Stump v. Sparkman,* —— U.S. ——, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 554–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). *However, absolute immunity extends only to acts performed in the exercise of judicial functions; therefore, we must make a functional analysis of the acts complained of to determine whether they are of a judicial nature and thus cloaked with immunity.*

■ The powers and duties of the Register of Wills are set forth in 20 P.S. § 901:

> [t]he register shall have jurisdiction of the probate of wills, the grant of letters to a personal representative, and any other matter as provided by law.

It is apparent that the Register's judicial duties are confined to matters relative to the probate of wills. *Sebik's Estate,* 300 Pa. 45, 150 A. 101 (1931). *Thus, we find that the hiring and firing of employees is functionally not within the purview of his judicial duties and therefore not within the ambit of those acts which entitle him to judicial immunity. Cf., Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Sprague v. Fitzpatrick,* 546 F.2d 560 (3d Cir. 1976), *cert. denied,* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977).

## VI. RETROACTIVITY OF ELROD v. BURNS

The only remaining motions before us at this point[4] are Plaintiffs' and Defendant Leonard's cross motions for summary judgment. The legal issue presented is whether *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), should be applied retroactively to the facts giving rise to this action.

■ *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), sets forth three factors which must be considered for a non-retroactive result to obtain:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . ..
>
> Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker, supra* [381 U.S. 618], at 629 [85 S.Ct. 1731, 14 L.Ed.2d 601]. Finally, we [must weigh] the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity."

*Cipriano v. City of Houma,* 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969). *Id.* at 106–07, 92 S.Ct. at 355.

This test is all inclusive; each aspect must be met. We need not determine, however, if each factor is met in the present case.[5]

---

4. In view of our decision, we find Defendant Leonard's assertions that: 1) Plaintiffs have failed to exhaust state administrative remedies and 2) prior state proceedings require a stay, are moot.

5. We note, in passing, that were we required to rule on the retroactivity of *Elrod* under the test set forth in *Chevron Oil, supra,* we would be hard pressed to say that Leonard did not rely on a clear past precedent of the Pennsylvania

In *Rosenthal v. Rizzo*, 555 F.2d 390 (3d Cir.), *cert. denied,* 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977), this Circuit implicitly held that *Elrod* was to be given retroactive effect. In *Rosenthal*, plaintiff was appointed in 1972 as an administrative assistant in the Redevelopment Authority of Philadelphia. When the executive director of the Authority was replaced in 1974, Rosenthal was fired. In 1975, Rosenthal thereupon filed an action charging First and Fourteenth Amendment violations. The trial court entered summary judgment in favor of defendants in April, 1976. The Third Circuit held that dismissal of the Fourteenth Amendment claim was proper, inasmuch as under Pennsylvania law, public employees have no "contractual entitlement to dismissals only for cause unless the legislature has expressly provided tenure . . ." *Rosenthal, supra* at 392, (citation omitted). The court went on to find that dismissal of the First Amendment claim was improper because of the factual issue of Plaintiff's status as a policy-making or non-policy-making employee within the exception enunciated in *Elrod, supra,* to the proposition that a state may not condition employment upon political beliefs. Had the court not believed that *Elrod* was to be given retroactive effect, no cause of action would have existed.[6]

 Moreover, we are mindful of the difficulty which attends any decision of whether or not a particular employee is in a policy formulation position. See, *Elrod, supra,* 427 U.S. at 367–368, 96 S.Ct. 2673; *Rosenthal, supra* at 393, n.5. At the ends of the spectrum, the decision is relatively simple. The closer one comes to the vortex, the more difficult the decision becomes; thus, the need for a full factual exposition of the duties and responsibilities in the employment relationship is critical to such a determination. Since the nature of the status of Plaintiffs is critical to the outcome of the case, we believe that a genuine issue of material fact exists, *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 468, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), and therefore should not be resolved on a motion for summary judgment at this juncture. Therefore, the cross motions by Plaintiffs and Defendant Leonard for summary judgment are *denied.*[7]

An appropriate order will issue.

Supreme Court in discharging Plaintiffs. *A.F. S.C.M.E. v. Shapp*, 443 Pa. 527, 280 A.2d 375 (1971); but see, *Illinois State Employees Union, Council 34 v. Lewis*, 473 F.2d 561, 568, n.14 (7th Cir. 1972), *cert. denied*, 410 U.S. 928, 93 S.Ct. 1364, 35 L.Ed.2d 590 (1973). In view of the admitted reasons for the discharges, we feel it is incumbent upon public officials to be cognizant of federal court interpretations of the First Amendment. Therefore, although we find that Defendant Leonard relied in good faith on *A.F.S.C.M.E. v. Shapp, supra,* he may not have been justified in so doing. Accordingly, we do not have to consider the other two tests of *Chevron Oil.*

6. We are aware of Judge Muir's opinion in *Litwhiler v. Hidlay*, 429 F.Supp. 984 (M.D.Pa. 1977), cited by our able colleague Judge Hannum in *Gibney v. Deaver*, C.A. No. 76–1663, (E.D.Pa., filed April 4, 1978), that *Elrod* should not be given retroactive effect to a politically

motivated discharge of a *non-policy-making, non-confidential employee.* However, Judge Muir made his determination six weeks prior to the Third Circuit's decision in *Rosenthal*; moreover, he and Judge Hannum determined that in the cases before them the positions were neither confidential nor policy-making ones.

7. We reiterate that in so holding we do so because counsel for Defendant Leonard, after repeated opportunities afforded by the Court to augment the record factually, failed to do so. Voluminous briefs are not a substitute for facts. However, as per the attached Order we will permit the renewal of the motion for summary judgment provided a further factual basis is submitted. If the matter can be determined on that basis the necessity for a trial will be obviated. If not, then the matter will go forward to trial on this issue.