**Joseph RAGGIO**

v.

**Albert MATUNIS, William Willard, Edward Cook, the Board of Commissioners of Schuylkill County, the Board of Directors of Rest Haven County Home and Hospital, Rest Haven County Home and Hospital and County of Schuylkill.**

**Civ. A. No. 76–3132.**

United States District Court, E. D. Pennsylvania.

Nov. 5, 1979.

Thomas K. Noonan, Noonan, Páce & Noone, Mahanoy City, Pa., for plaintiff.

Frank L. Tamulonis, Zimmerman, Lieberman & Derenzo, Pottsville, Pa., for defendants.

MEMORANDUM

CAHN, District Judge.

The plaintiff, Joseph C. Raggio, was an employee of the Rest Haven County Home and Hospital. On January 9, 1976, plaintiff was discharged from his position as Associate Administrator of the county home. On October 8, 1976, plaintiff filed this action against the County of Schuylkill, the Board of Commissioners of the County of Schuylkill, the Board of Directors of the Rest Haven County Home and Hospital, and also named as defendants Albert Matunis, Wil-

liam Willard, and Edward Cook, both individually and in their capacities as members of the Board of Commissioners of the County of Schuylkill and of the Board of Directors of the Rest Haven County Home and Hospital.

The plaintiff alleges that the defendants discharged him because of his "support of, affiliation with, and membership in the Democratic party" in violation of plaintiff's rights as guaranteed in the First, Fifth, and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

The case is now before this court on defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants' motion is granted for the reasons which follow.

Plaintiff bases his cause of action on the Supreme Court's decision in *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), where the Court held that patronage dismissals violated the Constitution. The *Elrod* decision was announced on June 28, 1976, more than five months after plaintiff was discharged. The defendants argue that the principles announced in *Elrod* should be given only prospective effect, and this court agrees.

It is well established that certain decisions of the Supreme Court are not to be applied retroactively. In dealing with the retroactivity questions, the Court has generally considered three separate factors:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e. g., *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, supra, [392 U.S. 481] at 496 [, 88 S.Ct. 2224, 2233], 20 L.Ed.2d [1231] at 1243, or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e. g. *Allen v. State Board of Elections*, supra, [393 U.S. 544] at 572 [89 S.Ct. 817, 835] 22 L.Ed.2d [1] at 20. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker*, supra, [381 U.S. 618] at 629, [85 S.Ct. 1731, 1738] 14 L.Ed.2d [601] at 608. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma*, supra, [395 U.S. 701] at 706, [89 S.Ct. 1897, 1900] 23 L.Ed.2d [647] at 652.

*Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971).

I find that all three criteria mandate that the *Elrod* decision be given only prospective effect.[1]

First, *Elrod* decided an issue of first impression whose resolution could not have been clearly foreseen by those involved in the patronage system. In *Elrod* the Court ended patronage practices which had been imbedded in our political system for 185 years. See *Elrod v. Burns*, 427 U.S. at 375, 96 S.Ct. at 2690 (dissent of Chief Justice Burger), and 427 U.S. at 376–77, 96 S.Ct. at 2691 (dissent of Justice Powell).

Prior to *Elrod* an avalanche of authority had held that political patronage firings were not a Constitutional violation. *Nunnery v. Barber*, 503 F.2d 1349 (4th Cir.),

---

1. Other courts have been divided on the retroactivity of *Elrod. See Ramey v. Harber*, 589 F.2d 753 (4th Cir. 1978) (holding *Elrod* is not retroactive); *Retail Clerks International Association v. Leonard*, 450 F.Supp. 663 (E.D.Pa. 1978) (holding *Elrod* is retroactive); *Litwhiler v. Hidlay*, 429 F.Supp. 984 (M.D.Pa.1977) (holding *Elrod* is not retroactive).

*cert. denied,* 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1974); *Alomar v. Dwyer,* 447 F.2d 482 (2d Cir. 1971), *cert. denied,* 404 U.S. 1020, 92 S.Ct. 683, 30 L.Ed.2d 667 (1972); *Young v. Coder,* 346 F.Supp. 165 (M.D.Pa.1972); *Mason v. Delaware County,* 331 F.Supp. 1010 (E.D.Pa.1971); *Norton v. Blaylock,* 285 F.Supp. 659 (D.Ark.1968), *aff'd* 409 F.2d 772 (8th Cir. 1969); *A.F.S.C. M.E. v. Shapp,* 443 Pa. 527, 280 A.2d 375 (1971); *see Cafeteria and Restaurant Workers Union Local 475 v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L.Ed.2d 1230 (1961) ("It has become a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer"). The only cases the parties have shown this court to the contrary are from the Seventh Circuit, and they related to mass discharges, a factual context unlike the instant case. *See Illinois State Employees Union v. Lewis,* 473 F.2d 561 (7th Cir. 1972).

Every decision of the Supreme Court is foreshadowed to some extent by the fact that an issue is sufficiently unsettled to be litigated to the point of review before the Court. Obviously, this is not sufficient to deem the decision retroactive, or there would be no retroactivity doctrine. When *Elrod* was decided, I believe it was generally accepted as a major expansion of then current constitutional doctrine. This is sufficient to find that the *Elrod* decision was not "clearly foreshadowed."

Second, I do not believe that a retroactive application of *Elrod* would further the purposes of that decision. The system which *Elrod* condemned chilled freedom of political expression and political association with the threat of discharge. That system was ended by the *Elrod* case. Retroactive application would not increase obedience to the *Elrod* rule, but serve only the financial interests of the employees discharged prior to *Elrod.*

Fairness and equity do not mandate opening the doors of the federal courts to these thousands of prior employees. In general, these potential plaintiffs received their prior positions as beneficiaries of the patronage system. They themselves most likely bumped other patronage employees. They were fully aware of their vulnerability to the winds of politics. They themselves played an integral part in the patronage system. To grant them awards of damages now would only represent windfalls to those past employees. Applying *Elrod* retroactively would impose an immense burden on the courts, and, as stated above, do so with no valid purpose. It would impose potentially significant liability on government bodies who did not foresee that their actions would be declared unconstitutional.

The Supreme Court cases do not require this court to weigh the equity and reliance interests in each individual case where a rule may or may not be retroactively applied. I cannot apply a rule retroactively in one case and deny retroactive effect for the same rule in another case. On the contrary, decisions on retroactivity have commanded a general rule for all cases based on broad policy considerations. *See Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Given these considerations I find that *Elrod* should not be retroactively applied.

It has been argued that the court of appeals has implicitly held that *Elrod* is to be given retroactive effect in *Rosenthal v. Rizzo,* 555 F.2d 390 (3d Cir. 1977). *See Retail Clerks International v. Leonard,* 450 F.Supp. 663, 667 (E.D.Pa.1978). In *Rosenthal* the court applied the principles of *Elrod* to a patronage dismissal which occurred two and one-half years before the *Elrod* decision. However, the opinion in *Rosenthal* never discussed the retroactivity issue. This court agrees with Judge Luongo who has observed that "since the question apparently was not presented, the case is not an authoritative precedent." *Boyce v. School District of Philadelphia,* 447 F.Supp. 357 (E.D.Pa.1978).

Defendants' motion for summary judgment is granted.