**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2136
_____

RICHARD C. STEPHENS,
Son, Henry & Dessie Stephens, Deceased,

Appellant

v.

CHAD F. KENNEY; PETER G. MYLONAS;
JENNIFER H. MADDALONI; BETTY G. SMITH STEPHENS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-04295)
District Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2020

Before: KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 20, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Richard Stephens, proceeding pro se, appeals from the District Court's dismissal of his amended complaint. We will affirm the District Court's judgment.

In September 2018, Stevens filed a civil action in the District Court against the following named defendants: former Court of Common Pleas of Delaware County trial court Judge, Chad F. Kenney (now of the United States District Court for the Eastern District of Pennsylvania); former Delaware County Court Register of Wills, Jennifer Holsten Maddaloni; his deceased father's surviving spouse, Betty G. (Smith) Stephens; and her attorney, Peter G. Mylonas, Esq. Because we write primarily for the parties, we will only recite the facts necessary for our discussion.

Prior to the death of appellant's father, Henry Stephens, Judge Kenney appointed Henry Stephens' wife, Betty Stephens, as his guardian and executor of his estate having found that Henry Stephens was incapacitated due to end stage dementia. Upon petition of the guardian spouse, Judge Kenney subsequently authorized the sale of real property at 305 Buck Lane (their marital home), after concluding that it was in Henry Stephens' best interest. Following the death of Henry Stevens in August 2015, Betty Stephens filed for a grant of Letters Testamentary. Register of Wills Maddaloni granted the Letters on January 26, 2016. Stephens appealed the decision of the Register of Wills. Judge Kenney adjudicated the matter and denied Stephens' petition to invalidate the will. The Superior Court affirmed Judge Kenney's decision, In re Estate of Stephens, No. 2939 EDA 2016, 2017 WL 4877014 (Pa. Super. Ct. Oct. 30, 2017), and the Pennsylvania

2

Supreme Court denied his petition for allowance to appeal. In re Estate of Stephens, 189 A.3d 979 (Pa. 2018) (table).

Stephens next sought recourse in federal court. The operative complaint is the amended complaint filed on October 17, 2018. Therein Stephens alleged that the named defendants conspired to carry out a fraud upon the court and to deprive him of his constitutional rights during various state court proceedings. More particularly, he alleged that he was deprived of real estate without due process of law in violation of the Fifth Amendment. He alleged that he suffered a Sixth Amendment violation because the Orphans' Court bench trial, during which he contested his father's will, was neither fair nor impartial. Stephens also asserted that the fraud committed by the court and court agents deprived him of equal protection of the laws, thus resulting in a Fourteenth Amendment violation. He further alleged that defendants violated numerous federal laws. See Am. Compl. at 2. In addition to monetary damages and equitable relief, Stephens sought to have the District Court refer his case to the Federal Bureau of Investigation for "indictment and prosecution" and to set aside all judgments entered by the Orphans' Court. See id. at 12. Defendants responded to Stephens' amended complaint with motions to dismiss. The District Court concluded that dismissal was warranted and granted defendants' motions. The court subsequently denied Stephens' motions for reconsideration and recusal. Stephens timely appealed.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise

plenary review over the District Court's decision to grant a motion to dismiss pursuant to

either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). See United States ex rel.

Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007) (Fed. R. Civ. P.

12(b)(1)); Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d

Cir. 2010) (Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1]     Although Stephens' post-judgment motion qualifies as a timely filed motion
pursuant to Fed. R. Civ. P. 59 and 60 under Fed. R. App. P. 4(A)(4)(iv) and (vi),
Stephens did not file a new or amended notice of appeal. See Fed. R. App. P.
4(A)(4)(B)(ii). Stephens was advised of the Rule 4(a)(4)(B)(ii) requirement by Clerk
Order issued on May 31, 2019. Accordingly, the scope of this appeal is limited to the
order of dismissal.

        Even if properly before us, we would nonetheless find no error with the District
Court's disposition given the legal bars to Stephens' claims discussed in this opinion. As
the District Court concluded, the motion was not based on an intervening change in the
law, newly discovered evidence, or "the need to correct a clear error of law or fact or to
prevent manifest injustice." See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,
176 F.3d 669, 677 (3d Cir. 1999). Moreover, the District Court did not err in denying
Stephens' motion as one filed pursuant to Fed. R. Civ. P. 60(b)(3), (6), or (d)(3). For the
reasons given by the District Court, Stephens' arguments either lacked merit or were not
grounded in a proper basis for relief. See Budget Blinds, Inc. v. White, 536 F.3d 244,
251 (3d Cir. 2008).

        With respect to Stephens' recusal motion, we find no abuse of discretion on the
part of the District Court judge in denying Stephens' motion which cited 28 U.S.C. §§
144 & 455. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d
Cir. 2000). Stephens did not allege any facts that would show a personal bias on the part
of the District Court Judge or that the Judge's impartiality might reasonably be
questioned. His disagreement with the Judge's judicial orders is an insufficient basis for
recusal. See id.

4

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).
When reviewing disposition of a motion to dismiss, we "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). We agree with the District Court's disposition of this case.

The Rooker-Feldman[2] doctrine deprives federal courts of subject-matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

While this doctrine is "narrow," id. at 169, it encompasses at least some aspect of Stephens' claims. As noted previously, Judge Kenney adjudicated Henry Stephens to be incapacitated, appointed Betty Stephens as his guardian and executor, and approved the sale of their marital home. Following Henry Stephens' death, Register of Wills Maddaloni granted Betty Stephens Letters Testamentary. Stephens challenged the decision of the Register of Wills as well as Judge Kenney's subsequent adjudication of the matter. Stephens pursued his unsuccessful attempt to invalidate Henry's will with

---

[2] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

appeals to both the Pennsylvania Superior and Supreme Courts. Thus, Stephens lost in state court. His claims allege, at least in part, that this "defective will contest" precluded him from acquiring property that he believed he was entitled to. That order preceded his federal action. Finally, he contends that the actions of Maddaloni and Judge Kenney violated his constitutional rights. He thus asked the District Court to "set aside all judgments entered" by the Orphans' Court. See Great W. Mining & Mineral Co., 615 F.3d at 166-67 (describing similar claim and concluding that it would be barred by Rooker-Feldman). Additionally, for the reasons set forth by the District Court, we agree that Stephens' attempt to invoke the fraud exception is unavailing. See D. Ct. Order at 4-6 (July 23, 2019) (ECF 29).

To the extent that Stephens may also be asserting that some independent injury was caused by the defendants' conduct during the incompetency, probate, and subsequent Orphans' Court proceedings, those claims arguably are not barred by the Rooker-Feldman doctrine. See id. at 168-71. However, the claims face other legal bars. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). Eleventh Amendment immunity protects not only states but also state entities, such as the Pennsylvania Court system. Benn v. First Judicial Dist., 426 F.3d 233, 240-41 (3d Cir. 2005). Pennsylvania has not waived its Eleventh Amendment immunity. See Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Judge Kenney is entitled to Eleventh Amendment immunity for the claims

6

asserted against him in his official capacity as the conduct of which Stephens complains clearly relates to Judge Kenney's role in the proceedings concerning Henry Stephens, his estate and his will that occurred in the Orphans' Court Division of the Delaware County Court of Common Pleas. Where, as here, a state official is sued for his conduct in court, Eleventh Amendment immunity attaches because the state and its court, although not named, are the real parties in interest. See Benn, 426 F.3d at 239; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).

Insofar as Stephens may have raised claims against Register of Wills Maddaloni and Judge Kenney that are not barred under the Rooker-Feldman doctrine or the Eleventh Amendment, the District Court correctly determined that these claims are barred by judicial immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)); see also Retail Clerks Int'l Ass'n v. Leonard, 450 F. Supp. 663, 66 (E.D. Pa. 1978) (citing Pa. Const. Sched. Art. V, § 16(n)) ("The Register of Wills is a judicial officer" entitled to "absolute immunity for performance of . . . judicial acts."). Although Stephens asserted that the actions of Judge Kenney and Register of Wills Maddaloni were "nonjudicial," he principally complained that the competency hearing, Letters Testamentary, and will contest adjudication were handled erroneously and fraudulently. Such allegations are insufficient to overcome judicial immunity. See Capogrosso, 588 F.3d at 184 (judicial immunity extends to judicial officers, even if their actions were "in

7

error, w[ere] done maliciously, or w[ere] in excess of [their] authority," unless the judges acted in clear absence of all jurisdiction) (internal quotations and citation omitted).

The claims against Betty Stephens and Mylonas fare no better. To state a claim under 42 U.S.C. § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Neither Betty Stephens nor Mylonas is a state actor. See, e.g., Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). It is true that a private party will be deemed a state actor for purposes of § 1983 liability if he or she has engaged in joint activity with state actors, Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 941 (1982), but Stephens failed to allege plausible facts sufficient to support a claim of joint activity. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 679.

To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); see also Great W. Mining, 615 F.3d at 176 (following Twombly and Iqbal, the plaintiff must assert enough facts from which an agreement may be inferred). Stephens alleged little more than that Betty Stephens and Mylonas submitted a "falsified" petition for probate and grant of letters testamentary, while Register of Wills Maddaloni used the incorrect docket number (575

8

of 2016 instead of 575 of 2013) on filings, and Judge Kenney adjudicated the proceedings "illegally". We agree with the District Court's determination that Stephens' allegations were conclusory and insufficient to suggest that a conspiratorial agreement existed between these private actors and Judge Kenney and former Register of Wills Maddaloni. Stephens simply concludes that defendants conspired to deprive him of property without due process because Betty Stephens ultimately obtained control of property that he worked for and claimed his father had promised to him. See Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator" with a state actor.); see also Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (plaintiff cannot rely exclusively "upon his own suspicion and speculation" to establish a conspiracy claim).

The remainder of Stephens' federal law claims were likewise properly disposed of by the District Court and do not warrant further discussion. See D. Ct. Order at 6-7 (Mar. 15, 2019) (ECF 13). Finally, under the circumstances of this case, the District Court acted within its discretion when it denied Stephens leave to further amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] Stephens' request that we issue an order directing appellees Betty Stephens and Mylonas to show cause why they should not be held in contempt of court and obstruction of justice for filing "perjurious pleadings," see Aplt's Reply Br. at 10-11, 17, is denied as unwarranted.